ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAY 0 4 2010

JAMES N. HATTEN, Clerk
By: J. Wade-Childs
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA         :
                                 :   CRIMINAL INDICTMENT
            v.                   :
                                 :   NO. 1:10-CR-190
DIYIANA CLAY DAMAYO,             :
MYISHA SHAWNETTE COLEMAN,        :
OTIS ALLEN III,                  :
AARON BRUNSON,                   :
CATHLEEN CAIN,                   :
LATIA CRANE,                     :
JABRINEKA REDMON,                :
CHELETHIA WRIGHT, and            :
JANE DOE,                        :
a.k.a. Joylene Noonan            :

THE GRAND JURY CHARGES THAT:

## COUNT ONE
### Conspiracy

1.  Beginning as early as November 2008 and continuing through in or about April 2010, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, Defendants, DIYIANA CLAY DAMAYO, MYISHA SHAWNETTE COLEMAN, OTIS ALLEN III, AARON BRUNSON, CATHLEEN CAIN, LATIA CRANE, JABRINEKA REDMON, CHELETHIA WRIGHT, and JANE DOE, a.k.a. Joylene Noonan, did knowingly and willfully and unlawfully combine, conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the grand jury, to violate Title 18, United States Code, Section 1341, that is, to devise and execute a scheme and artifice to defraud and for obtaining money and property from American Express, Bank of America, Capital One, JPMorgan Chase Bank ("Chase"), Citigroup, Discover, and US Bank, by


means of materially false and fraudulent pretenses and representations, and by omissions of material facts, causing the United States Postal Service and private and commercial interstate carriers to be used for the purpose of executing said scheme and artifice to defraud.

<p style="text-align:center;">MANNER AND MEANS</p>

2. It was a part of the scheme and artifice to defraud that DIYANA CLAY DAMAYO and MYISHA SHAWNETTE COLEMAN, aided and abetted by others known and unknown to the Grand Jury, accessed confidential customer information, including account numbers, addresses, dates of birth, and Social Security Numbers of legitimate customers holding checking accounts and/or credit card accounts with Bank of America, Chase, Citigroup, and US Bank without the consent of the true account holders.

3. It was further a part of the scheme and artifice to defraud that DIYIANA CLAY DAMAYO and MYISHA SHAWNETTE COLEMAN, aided and abetted by others known and unknown to the Grand Jury, used the aforementioned confidential customer information to access the accounts and add authorized users to the accounts and requested that the newly procured credit cards be mailed to new addresses, changed by DIYIANA CLAY DAMAYO and MYISHA SHAWNETTE COLEMAN, and others known and unknown to the Grand Jury, without the consent of the true account holders.

4. It was further a part of the scheme and artifice to defraud that DIYIANA CLAY DAMAYO and MYISHA SHAWNETTE COLEMAN, aided and abetted by others known and unknown to the Grand Jury, used the aforementioned confidential customer information to apply for new Capital One credit card accounts, adding authorized users to the accounts and requested that the newly procured credit cards be mailed to addresses provided by DIYIANA CLAY DAMAYO and MYISHA SHAWNETTE COLEMAN, and others known and unknown to the Grand Jury, without the consent of the true account holders.

5. It was further part of the scheme and artifice to defraud that DIYIANA CLAY DAMAYO, MYISHA SHAWNETTE COLEMAN, LATIA CRANE, JABRINEKA REDMON, CHELETHIA WRIGHT, and others known and unknown to the Grand Jury, used the newly procured credit cards to withdraw moneys, in the form of cash advances, and make purchases, without the knowledge and consent of the true account holders.

6. It was further a part of the scheme and artifice to defraud that DIYIANA CLAY DAMAYO and MYISHA SHAWNETTE COLEMAN, aided and abetted by others known and unknown to the Grand Jury, used the aforementioned confidential customer information related to Bank of America customers to access the true account holders' Bank of America accounts, and order blank checks, requesting that they be mailed to an address provided by DIYIANA CLAY DAMAYO and MYISHA SHAWNETTE COLEMAN.

7.   It was further a part of the scheme and artifice to defraud that OTIS ALLEN III, AARON BRUNSON, CATHLEEN CAIN, JANE DOE, a.k.a. Joylene Noonan, and others known and unknown to the Grand Jury, negotiated checks drawn on the legitimate Bank of America customer accounts, without the knowledge or consent of the true account holders.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH TEN
### Scheme to Commit Mail Fraud

8.   The Grand Jury includes by incorporation and re-alleges the factual allegations in Paragraphs 1-7 of Count One, above.

9.   Beginning as early as November 2008 and continuing through in or about April 2010, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, Defendants, DIYIANA CLAY DAMAYO, MYISHA SHAWNETTE COLEMAN, LATIA CRANE, JABRINEKA REDMON, and CHELETHIA WRIGHT, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and willfully devise and execute a scheme and artifice to defraud and for obtaining money and property from American Express, Capital One, JPMorgan Chase Bank ("Chase"), Citigroup, Discover, and US Bank, by means of materially false and fraudulent pretenses and representations, and by omissions of material facts, causing the United States Postal Service and private and commercial interstate carriers to be used for the purpose of executing said

scheme and artifice to defraud, in violation of Title 18, United States Code, Sections 1341 and 2.

### EXECUTIONS OF THE SCHEME TO DEFRAUD

10. On or about the dates listed below, Defendants listed below, aided and abetted by each other and others known and unknown to the Grand Jury, having devised the aforesaid scheme to defraud, knowingly executed and attempted to execute a scheme to defraud and for obtaining money and property from the creditors listed below, by knowingly and willfully causing to be delivered to them and others known and unknown to the Grand Jury, by the Postal Service and by private and commercial interstate carrier, the fraudulently obtained credit cards identified below, thereafter using the fraudulently obtained credit cards to withdraw moneys, in the form of cash advances, and make purchases, without the knowledge and consent of the true account holders:

| Count | Date (on or about) | Defendant(s) | Creditor | Legitimate Account Holder | Credit Card Number (last 4 digits) |
|---|---|---|---|---|---|
| 2 | 2/26/2009 | COLEMAN; DAMAYO | U.S. Bank | J.S. | 5335 |
| 3 | 2/21/2009 | COLEMAN; DAMAYO; REDMON | Citigroup | J.P. | 2374 |
| 4 | 2/23/2009 | COLEMAN; DAMAYO | Citigroup | B.K. | 9420 |
| 5 | 6/21/2009 | COLEMAN; DAMAYO | Capital One | J.M. | 1980 |

| Count | Date (on or about) | Defendant(s) | Creditor | Legitimate Account Holder | Credit Card Number (last 4 digits) |
|---|---|---|---|---|---|
| 6 | 6/24/2009 | COLEMAN; DAMAYO; WRIGHT | Chase | J.M. | 0164 |
| 7 | 8/28/2009 | COLEMAN; DAMAYO | Citigroup | N.T. | 5241 |
| 8 | 10/20/2009 | COLEMAN; DAMAYO | Capital One | T.D. | 5683 |
| 9 | 11/26/2009 | COLEMAN; DAMAYO | Citigroup | S.H. | 9711 |
| 10 | 12/21/2009 | COLEMAN; DAMAYO; CRANE | Citigroup | M.P. | 2412 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS ELEVEN THROUGH THIRTY-ONE
### Scheme to Commit Mail Fraud

11. The Grand Jury includes by incorporation and re-alleges the factual allegations in Paragraphs 1-7 of Count One, above.

12. Beginning as early as April 2009 and continuing through in or about July 2009, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, Defendants, DIYIANA CLAY DAMAYO, MYISHA SHAWNETTE COLEMAN, OTIS ALLEN III, AARON BRUNSON, CATHLEEN CAIN, and JANE DOE, a.k.a. Joylene Noonan, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and willfully devise

and execute a scheme and artifice to defraud and for obtaining money and property from Bank of America, by means of materially false and fraudulent pretenses and representations, and by omissions of material facts, and knowingly and willfully caused to be delivered to them and others known and unknown to the Grand Jury, by the Postal Service and by private and commercial interstate carrier, blank checks from legitimate Bank of America account holders for the purpose of executing said scheme and artifice to defraud, in violation of Title 18, United States Code, Sections 1341 and 2.

### EXECUTIONS OF THE SCHEME TO DEFRAUD

13. On or about the dates listed below, Defendants listed below, aided and abetted by each other and others known and unknown to the Grand Jury, having devised the aforesaid scheme to defraud, knowingly executed and attempted to execute a scheme to defraud and for obtaining money and property from Bank of America, by knowingly and willfully causing to be delivered to them and others known and unknown to the Grand Jury, by the Postal Service and by private and commercial interstate carrier, the following Bank of America checks which Defendants negotiated, knowing and having reason to know that said transactions were made without the knowledge and consent of the legitimate Bank of America account holders, referenced below:

| Count | Date (on or about) | Defendant(s) | Check Number | Legitimate Account Holder | Amount |
|---|---|---|---|---|---|
| 11 | 5/4/2009 | COLEMAN; DAMAYO; CAIN | 20127 | A.T. | $3,000.00 |
| 12 | 5/5/2009 | COLEMAN; DAMAYO; CAIN | 20126 | A.T. | $3,000.00 |
| 13 | 5/5/2009 | COLEMAN; DAMAYO; CAIN | 20129 | A.T. | $3,000.00 |
| 14 | 5/6/2009 | COLEMAN; DAMAYO; CAIN | 20102 | A.T. | $3,000.00 |
| 15 | 5/6/2009 | COLEMAN; DAMAYO; CAIN | 20104 | A.T. | $3,000.00 |
| 16 | 5/6/2009 | COLEMAN; DAMAYO; CAIN | 20106 | A.T. | $3,000.00 |
| 17 | 5/27/2009 | COLEMAN; DAMAYO; ALLEN | 2039 | H.D. | $900.00 |
| 18 | 5/27/2009 | COLEMAN; DAMAYO; ALLEN | 2043 | H.D. | $900.00 |
| 19 | 6/3/2009 | COLEMAN; DAMAYO; ALLEN | 10120 | H.P. | $900.00 |
| 20 | 6/4/2009 | COLEMAN; DAMAYO; ALLEN | 10121 | H.P. | $900.00 |
| 21 | 5/11/2009 | COLEMAN; DAMAYO; BRUNSON | 20108 | A.T. | $3,000.00 |
| 22 | 5/11/2009 | COLEMAN; DAMAYO; BRUNSON | 20109 | A.T. | $3,000.00 |

| Count | Date (on or about) | Defendant(s) | Check Number | Legitimate Account Holder | Amount |
|---|---|---|---|---|---|
| 23 | 5/25/2009 | COLEMAN; DAMAYO; BRUNSON | 2032 | H.D. | $2,500.00 |
| 24 | 5/26/2009 | COLEMAN; DAMAYO; BRUNSON | 2031 | H.D. | $2,500.00 |
| 25 | 5/26/2009 | COLEMAN; DAMAYO; BRUNSON | 2036 | H.D. | $3,000.00 |
| 26 | 4/20/2009 | COLEMAN; DAMAYO; DOE (a.k.a. Noonan) | 5003 | J.V. | $3,000.00 |
| 27 | 4/21/2009 | COLEMAN; DAMAYO; DOE (a.k.a. Noonan) | 5005 | J.V. | $3,000.00 |
| 28 | 5/9/2009 | COLEMAN; DAMAYO; DOE (a.k.a. Noonan) | 20052 | A.T. | $986.00 |
| 29 | 5/11/2009 | COLEMAN; DAMAYO; DOE (a.k.a. Noonan) | 20057 | A.T. | $3,000.00 |
| 30 | 5/1/2009 | COLEMAN; DAMAYO | 2918 | H.T. | $2,500.00 |
| 31 | 5/2/2009 | COLEMAN; DAMAYO | 2907 | H.T. | $1,800.00 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS THIRTY-TWO THROUGH THIRTY-THREE
### Aggravated Identity Theft

14. The Grand Jury includes by incorporation and re-alleges the factual allegations in Paragraphs 1-7 of Count One, above.

15. Beginning as early as November 2008 and continuing through in or about April 2010, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, Defendants DIYIANA CLAY DAMAYO and MYISHA SHAWNETTE COLEMAN, aided and abetted by each other and others known and unknown to the Grand Jury, knowingly possessed and used, without lawful authority a means of identification of another person, said possession and use being in relation to committing the felony violations as charged in this Indictment in the Counts specified below:

| Count | Victim | Related Counts |
| --- | --- | --- |
| 32 | A.T. | 11,12,13,14,15,16, 21,22,28,29 |
| 33 | H.D. | 17,18, 23, 24, 25 |

All in violation of Title 18, United States Code, Sections 1028A(a) and (b)(2) and 2.

## COUNT THIRTY-FOUR
### Aggravated Identity Theft

16. The Grand Jury includes by incorporation and re-alleges the factual allegations in Paragraphs 1-7 of Count One, above.

17. Beginning as early as April 2009 and continuing through in or around May 2009, the exact dates being unknown to the Grand

10

Jury, in the Northern District of Georgia and elsewhere, Defendant JANE DOE, a.k.a. Joylene Noonan, aided and abetted by each other and others known and unknown to the Grand Jury, knowingly possessed and used, without lawful authority a means of identification of another person, said possession and use being in relation to committing the felony violations as charged in this Indictment in the Counts specified below:

| Count | Victim | Related Counts |
| --- | --- | --- |
| 34 | J.N. | 26,27,28,29 |

All in violation of Title 18, United States Code, Sections 1028A(a) and (b)(2) and 2.

### FORFEITURE PROVISION

1. The factual allegations contained in Counts One through Thirty-One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of the offenses alleged in Counts One through Thirty-One of this Indictment, Defendants, DIYIANA CLAY DAMAYO, MYISHA SHAWNETTE COLEMAN, OTIS ALLEN III, AARON BRUNSON, CATHLEEN CAIN, LATIA CRANE, JABRINEKA REDMON, CHELETHIA WRIGHT, and JANE DOE, a.k.a. Joylene Noonan, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds

obtained, directly or indirectly, as a result of such violations. The property to be forfeited includes, but is not limited to, the following:

    a.    a sum of money in United States currency representing the amount of money involved in the mail fraud offenses, or conspiracy to commit such offenses, for which the defendants are jointly and severally liable.

3.    If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

A _____True_____ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

JAMILA M. HALL
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6031
Georgia Bar No. 319053