FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 28 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

-vs-

Case No. 1:10-CR-190-09-ODE(S)

BRIQUANNA SLAUGHTER, a/k/a Sherell Slaughter

Defendant's Attorney:
Esther Panitch

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count(s) One and Thirty-five of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
| --- | --- | --- |
| 18 USC §§1341 and 1349 | Conspiracy to Commit Mail Fraud | One |
| 18 USC §§1028A(a) and (b)(2) and 2 | Aggravated Identity Theft | Thirty-five |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining counts dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$ 200.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    XXX-XX-0965        Date of Imposition of Sentence: January 26, 2011
Defendant's Date of Birth:      1986
Defendant's Mailing Address:
New Hope, Minnesota

Signed this the __27__ day of January, 2011.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

1:10-CR-190-09-ODE(S) : BRIQUANNA SLAUGHTER, a/k/a Sherell Slaughter

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **FOUR (4) MONTHS on Count One and TWENTY-FOUR (24) MONTHS on Count Thirty-five, to run consecutively to Count One.**

The Court recommends that the Bureau of Prisons designate a facility as close to Minnesota as possible as place of service of this sentence.

The Court further recommends that the defendant participate in a drug/alcohol abuse treatment program while serving this sentence.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:10-CR-190-09-ODE(S) : BRIQUANNA SLAUGHTER, a/k/a Sherell Slaughter

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS on Count One and ONE (1) YEAR on Count Thirty-five, to run concurrently.**

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1. The defendant shall make a full and complete disclosure of his finances and submit to an audit of his financial documents, at the request of the Probation Officer.

2. The defendant shall not incur new credit charges of open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment payment schedule.

3. The defendant shall submit to a search of his person, property, residence and/or vehicle at the request of the Probation Officer.

4. The defendant shall submit to drug testing if directed to do so by the Probation Officer.

5. The defendant shall participate in DNA testing if directed to do so by the Probation Officer.

6. The defendant shall pay any financial obligation (restitution and special assessment) that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release at the monthly rate of $100.00.

1:10-CR-190-09-ODE(S) : BRIQUANNA SLAUGHTER, a/k/a Sherell Slaughter

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:10-CR-190-09-ODE(S) : BRIQUANNA SLAUGHTER, a/k/a Sherell Slaughter

# RESTITUTION

The defendant shall make restitution to the following person(s) in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| Bank of America<br>Restitution Unit<br>MO1-800-06-15<br>P. O. Box 790087<br>St. Louis, MO 63179-0087 | $15,686 |

Restitution shall be paid jointly and severally with co-defendants Diyiana Damayo and Myisha Coleman (if Coleman is convicted).